THE KANSAS CITY & SOUTHWESTERN RAILWAY COMPANY v. ALEXANDER FARNSWORTH *et al.*

PETITION—*Favorable Construction to Support Judgment.* After a judgment has been rendered in an action, and a question arises as to whether the allegations of the petition authorize such a judgment, the petition must be given the most favorable construction that it is susceptible of, by its terms, in support of the judgment.

*Error from Miami District Court.*

ACTION to reform a contract for a right-of-way for a railroad. Trial at the October term, 1886, and judgment as prayed for by plaintiffs. The court further ordered that the defendant company accept the deed tendered to it by plaintiffs for a certain strip of land across the land of plaintiff *Alexander Farnsworth;* and that he recover from defendant as the consideration therefor, $220, and also the costs of this action. The *Railway Company* brings the case here. The material facts are stated in the opinion.

*Beeson & Baker,* for plaintiff in error.

*W. R. Wagstaff,* and *W. T. Johnson,* for defendants in error.

Opinion by SIMPSON, C.: The defendants in error commenced this action in the Miami district court, to reform a contract for the right-of-way through the land of Alexander Farnsworth, and to declare the understanding and meaning of the parties thereto. The material facts are: that Alexander Farnsworth and his wife Margaret H. Farnsworth were the owners of ninety acres, of land, situated in the northwest quarter of section twenty-four, township sixteen, range twenty-three, in said county. The husband owned in his own right thirty-five acres, and the wife fifty-five acres. These tracts are adjacent, and on the line between them, running north and south, there is a hedge and board fence. The defendants in error resided on the land, and through the entire length of both tracts the plaintiff in error railway company

had surveyed and located its line. One Beatty, the right-of-way agent of the railway company, contracted with Alexander Farnsworth for the right-of-way through the thirty-five acres, and when he was writing the contract sought to be reformed in this action he inserted these words: "A strip of land fifty feet in width on each side of the center line of the railroad of said company, as the same is now or shall hereafter be located, over and across the following-described lands in Miami county, Kansas, to wit: the northwest quarter of section twenty-four, of township sixteen, range twenty-three." As the description reads, it embraces the land of Margaret Farnsworth as well as that of Alexander Farnsworth, these being all the tracts of land through which the survey was made, and the line located in that quarter-section. The right-of-way agent and Alexander Farnsworth had gone over the line, and had made a verbal agreement as to the amount to be paid to Farnsworth as compensation. When they came to reduce this agreement to writing the particular description of the Alexander Farnsworth tract was being read to the agent by Margaret Farnsworth, when the agent interrupted, and declared that the only description that he required was the quarter, section, township and range in which the land is situated. This general description was inserted in the contract, and was signed by Farnsworth and wife, without a thought that it contained a description of Mrs. Farnsworth's land, and without any intention or design on their part to contract for the right-of-way through the tract belonging to Mrs. Farnsworth.

The contention in the case, so far as the controlling facts are concerned, clustered around what was said and done by each and all of these parties at the time the contract was executed. All the material facts were submitted to the jury, and they made and returned special findings that are in substantial accord with the facts as claimed by Mr. and Mrs. Farnsworth in their evidence, and as recited in their petition; and as there is evidence to support all such findings, and as they are not so inconsistent with each other as to destroy their effect, and

as the record shows no attempt on the part of the plaintiff in error to correct them, or to make them more definite and certain, we must accept them as embodying the facts.

These findings considered alone authorize the judgment rendered; but other errors are assigned and strongly insisted on in the briefs of counsel for the plaintiff in error. The first complaint is, that the trial court erred in overruling the demurrer of the plaintiff in error to the evidence of the defendants in error at its close, because no ground of action is proven. As this is not urged, we will not discuss it further than to say, that the sufficiency of the petition has not been attacked by the plaintiff in error by demurrer, or in any other manner, nor do we understand that the objection is now made by the demurrer to the evidence. That being confined to the sole and single ground of a lack of proof on some material allegation, and as that is not specifically stated, but only alluded to in a general way, we can only say that the demurrer was properly overruled. After judgment we give the pleadings the most favorable construction, and thus sustain the judgment, if it is possible to do so. If there was doubt about the meaning, scope and effect of the right-of-way contract; if the parties thereto differed as to its construction; if either party claimed a meaning for it not within the understanding or contemplation of the other at the time of its creation, a resort to equity can be had to determine its true meaning and construction. These disputes may arise by the actual fraud of one of the parties; by a state of facts that amounts to fraud constructively; or by reason of an apparent agreement, when in truth and in fact there was not that unison of minds and that perfect understanding that fixes and determines exactly their mutual obligations. This petition is subject to such a construction as will support the judgment and authorize its rendition.

*Pleadings— favorable construction to support judgment.*

It is said that the trial court erred in overruling an objection to the following question asked of Mrs. Farnsworth, to wit: "Did you understand at the time that you signed that contract, that you were signing the right-of-way to that company over

your land?" This was the vital question in the case, and her intention to contract, or not to contract, the controlling inquiry. The only objection that we can think of to the question is, that it is leading in its character. She had the undoubted right, under proper circumstances, to testify as to her knowledge, intention, and understanding of that contract. Of course her declarations must be viewed by the court, and considered by the jury, in the light of all the attending circumstances; but the answer was competent, and there was no objection to the leading character of the question.

We are satisfied that substantial justice has been done these parties, by the verdict of the jury and the judgment of the court; and that this has been accomplished in accordance with the rules of the law governing such actions. And as this is the object and desired end of all judicial investigation, we recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.